# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

| | |
|---|---|
| **BO WILLIS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     vs. | ) Case: 4:20cv157-MPM-DAS |
| | ) |
| **JOHN W. THOMAS, an individual; and,** | ) |
| **WASTE PRO OF MISSISSIPPI, INC.,** | ) **JURY TRIAL DEMANDED** |
| a corporation. | ) |
| | ) |
|     **Defendants.** | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Bo Willis ("Plaintiff" or "Willis"), and for his Complaint against Defendants, John W. Thomas ("Thomas") and Waste Pro Of Mississippi, Inc. (also referred to as "Waste Pro"), separately and severally alleges and avers as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Bo Willis, Plaintiff, is an adult resident citizen of Winston County, Alabama, and has been for more than six months preceding the filing of this Complaint.

2. Upon information and belief, Defendant John W. Thomas (herein referred to as "Thomas") is an adult resident citizen of Humphreys County, Mississippi.

3. At all times relevant to the acts or omissions forming the basis of Plaintiff's Complaint, Defendant Waste Pro Of Mississippi, Inc. ("Waste Pro") is a Mississippi corporation who was and is licensed to do business in Mississippi, and may be served with process of this Court by serving its registered agent for process, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

4. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum or value of $75,000.00 and the action is between citizens of different states.

5. Venue is appropriate in the Northern District of Mississippi, Greenville Division pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in Montgomery County, Mississippi which is located in said District and Division.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6. On September 6, 2017 Plaintiff was driving West on Highway 82 in Winona, Montgomery County, Mississippi when Defendant Thomas pulled his vehicle into Plaintiff's lane from the side of the road. Plaintiff could not avoid the collision with Defendant Thomas because another vehicle was occupying the left lane beside Plaintiff. The wreck happened because Defendant Thomas pulled out in front of Plaintiff. Upon information and belief, at all times pertaining hereto, Defendant Thomas was acting in the line and scope of his employment as an agent/servant/employee of Defendant Waste Pro of Mississippi, Inc.

7. Plaintiff was injured as a result of the wreck caused by Defendant Thomas and his damages include that (a) Plaintiff suffered injury to his left eye and left forehead, (b) Plaintiff suffered a laceration approximately four inches long spanning from the top center of his forehead running diagonally down to, along, through, and to the upper left area above the left eye and below the eyebrow line; (c) Plaintiff required approximately 11 sutures to stitch him up; and (d) Plaintiff now has a permanent scar across his forehead in the area described in this paragraph.

8.  The following photo shows the Plaintiff's eye and laceration after the wreck but before suture removal:



9.  The following photo shows the Plaintiff's scar after healing:



10. As a proximate result of the collision and its consequences as described herein, Plaintiff was permanently injured and permanently disfigured.

## COUNT ONE
### (Negligence and Wantonness)

11. Plaintiff adopts and re-alleges paragraphs 1-10 above as if fully set out herein.

12. Plaintiff was injured in a wreck caused by Defendant Thomas on September 6, 2017.

13. At the location of the wreck made the basis of this lawsuit, Defendant Thomas negligently and/or wantonly operated his motor vehicle in such a manner as to cause or allow Plaintiff to be injured and damaged.

14. As a proximate consequence of said Defendant Thomas' negligence and/or wantonness, Plaintiff suffered permanent injuries.

15. Defendant Thomas failed to discharge or perform a legal duty owed to the Plaintiff.

16. Defendant Thomas was negligent and/or wanton and/or reckless and/or grossly negligent in at least, but not limited to, the following:

- failure to exercise reasonable care in the operation of his vehicle;
- operating, (and/or maintaining, or failing to maintain) said vehicles in such negligent, wanton, and/or reckless fashion by causing and/or allowing his vehicle to illegally pull out in front of Plaintiff's vehicle;
- operating a vehicle while grossly inattentive;
- failure to maintain a proper lookout;
- failure to remain attentive to the roadway and traffic conditions; and
- failure to yield the right of way to Plaintiff;

    \*    failure to obey the Rules of the Road in accordance with the laws of the State of Mississippi.

17. Defendant Thomas failed to exercise reasonable and/or ordinary care. Defendant failed to exercise such care as a reasonably prudent person would have exercised under the same or similar circumstances.

18. Defendant Thomas did something which a reasonably prudent person would not have done under the same or similar circumstances.

19. Defendant Thomas owed a duty to the Plaintiff to exercise reasonable care (such care as a reasonably prudent person would have exercised under the same or similar circumstances) not to injure or damage the Plaintiff. Defendant breached that duty to the Plaintiff to exercise reasonable care and caused the injuries described herein.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment by jury against Defendant Thomas for compensatory and punitive damages to fairly and reasonably compensate him for his injuries, damages, harms and losses sustained, in an amount exceeding $75,000.00.

A. Plaintiff demands compensatory damages to compensate him for his injuries and other harms, losses and damages which have been inflicted upon him as a proximate result of the wrongs complained of and set out above as the jury may award.

B. Plaintiff demands compensation for physical pain and suffering; future pain and suffering; and mental anguish and future mental anguish as the jury may award.

C. Plaintiff demands compensation for permanent physical disfigurement as the jury may award.

D.  Plaintiff demands compensation and punitive damages and all other damages recognized by Mississippi Law as the jury may award.

## CAUSE OF ACTION II

### (VICARIOUS LIABILITY AGAINST WASTE PRO)

20. Plaintiff re-alleges paragraphs 1-19 above as if fully set out herein

21. Upon information and belief, at all times pertaining hereto, Defendant Thomas was acting in the line and scope of his employment as an agent/servant/employee of Defendant Waste Pro of Mississippi, Inc. As such, Defendant Waste Pro is vicariously liable for the actions of Defendant Thomas complained of herein.

22. Defendant Waste Pro is liable to Plaintiff for the acts and omissions of its agent that injured Plaintiff.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment by jury against Defendant Waste Pro for compensatory damages to fairly and reasonably compensate him for his injuries, damages, harms and losses sustained in an amount exceeding $75,000.00.

A.  Plaintiff demands compensatory damages in an amount greater than to compensate him for his injuries and other harms, losses and damages which have been inflicted upon him as a proximate result of the wrongs complained of and set out above as the jury may award.

B.  Plaintiff demands compensation for physical pain and suffering; future pain and suffering; and mental anguish and future mental anguish as the jury may award.

C.  Plaintiff demands compensation for permanent physical disfigurement as the jury may award.

D.    Plaintiff demands compensation and punitive damages and all other damages recognized by Mississippi Law as the jury may award.

*PLAINTIFF DEMANDS TRIAL BY STRUCK JURY*

Respectfully submitted,

*/s/Keith McKerall*
Keith McKerall, Attorney for Plaintiff
P.O. Box 43013
Birmingham, AL 35243
(205) 530-5151
Fax: (205) 435-6505
keith@kmcklaw.com
MS Bar # 104633

**PLAINTIFF TO SERVE DEFENDANTS AT THE FOLLOWING ADDRESSES**

Mr. John W. Thomas
1006 Bank Head Drive
Belzoni, MS 39038

Waste Pro of Mississippi, Inc.
c/o CT Corporation System
645 Lakeland East Drive, Suite 101
Flowood, MS 39232